NIV V. DAVIDOVICH, ESQ. (State Bar No. 247328)
CHARLIE Z. STEIN, ESQ. (State Bar No. 265361)
ELAN N. STONE, ESQ. (State Bar No. 243394)
SOLOMON SALEHANI, ESQ. (State Bar No. 315671)
**DAVIDOVICH STEIN LAW GROUP LLP**
6442 Coldwater Canyon Avenue, Suite 209
North Hollywood, California 91606
Telephone:  (818) 661-2420
Facsimile:  (818) 301-5131
E-Mail(s):  niv@davidovichlaw.com
            charlie@davidovichlaw.com
            elan@davidovichlaw.com
            solomon@davidovichlaw.com

Attorneys for Plaintiff
ALEXANDER ALMANSKY and The Proposed Class

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| ALEXANDER ALMANSKY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SING FOR SERVICE, LLC dba MEPCO; MATRIX WARRANTY SOLUTIONS, INC.; and ROAD AMERICA MOTOR CLUB, INC.; and DOES 1 through 100, inclusive;<br><br>Defendants. | CASE NO.:<br><br>**CLASS ACTION COMPLAINT:**<br><br>1. **VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227 (b))**<br>2. **VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227 AND 46 C.F.R. § 64.1200(c))**<br><br>**JURY TRIAL DEMANDED** |

-1-

DAVIDOVICH STEIN LAW GROUP LLP
6442 Coldwater Canyon Avenue, Suite 209
North Hollywood, California 91606
(818) 661-2420

Plaintiff ALEX GURALNIK ("Plaintiff" or "Guralnik"), brings this Class Action Complaint under Rule 23 of the Federal Rules of Civil Procedure against Defendants SING FOR SERVICE, LLC dba MEPCO ("Mepco"); MATRIX WARRANTY SOLUTIONS, INC. ("Matrix"); and ROAD AMERICA MOTOR CLUB, INC. ("Road America") (hereinafter collectively referred to as "Defendants"), for their violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, and the regulations promulgated thereunder.   In support, Plaintiff alleges as follows.

## **PRELIMINARY STATEMENT**

1.    Plaintiff brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendants in negligently or willfully contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2.    "Month after month, unwanted robocalls and texts, both telemarketing and informational, top the list of consumer complaints received by the [FCC]."[1] The TCPA is designed to protect consumer privacy by, among other things, prohibiting the making of autodialed or prerecorded-voice calls to cell phone numbers and failing to institute appropriate do-not-call procedures. 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(d).

/ / /

/ / /

---

[1] *In re Rules & Regs. Implementing the TCPA*, 30 FCC Rcd. 7961, ¶ 1 (2015).

*Alexander Almansky v. Sing for Service, LLC, et al.*
Case No.                                                                                       **CLASS ACTION COMPLAINT**

DAVIDOVICH STEIN LAW GROUP LLP
6442 Coldwater Canyon Avenue, Suite 209
North Hollywood, California 91606
(818) 661-2420

3.    The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs.,* LLC, 132 S. Ct. 740, 744 (2012).

4.    Additionally, the FCC has explicitly stated that the TCPA's prohibition on automatic telephone dialing systems "encompasses both voice calls and text calls to wireless numbers including, for example, short message service (SMS) calls." U.S.C.A. Const. Amend. 5; Telephone Consumer Protection Act of 1991, § 3(a), 47 U.S.C. § 227(b)(1)(A)(iii). *Kramer v. Autobytel, Inc.*, 759 F. Supp. 2d 1165 (N.D. Cal. 2010).

5.    In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

6.    In an action under the TCPA, a plaintiff must only show that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014).

-3-

**JURISDICTION AND VENUE**

7.    The Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227.

8.    Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims in this case occurred in this District, including Defendants' transmission of the unlawful and unwanted calls to Plaintiff.

9.    The Court has personal jurisdiction over Defendants because they conduct business in the State of California, market their services within this state, and have availed themselves to the jurisdiction of this state by placing calls to Plaintiff and Class Members in and from this state.

**PARTIES**

10.    Plaintiff ALEXANDER ALMANSKY ("Plaintiff" or "Almansky") is a natural person who resides in Tarzana, California, and this District, and is a "person" as defined by 47 U.S.C. § 153(39).

11.    Defendant SING FOR SERVICE, LLC dba MEPCO ("Mepco") is a Delaware limited liability company, with its principal place of business believed to be located at: 10 South Lasalle Street, Suite 2310, Chicago, Illinois 60603.  Mepco is a "person" as defined by 47 U.S.C. § 153(39).

12.    Defendant MATRIX WARRANTY SOLUTIONS, INC. ("Matrix") is a Nevada corporation, with its principal place of business believed to be located at: 3100 McKinnon Street, Suite 420, Dallas, Texas 75201.  Matrix is a "person" as defined by 47 U.S.C. § 153(39).

13.    Defendant ROAD AMERICA MOTOR CLUB, INC. ("Road American") is a Florida corporation, with its principal place of business believed to be located at: 7300 Corporate Center Drive, Suite 601, Miami, Florida 33126.  Road America is a "person" as defined by 47 U.S.C. § 153(39).

/ / /

DAVIDOVICH STEIN LAW GROUP LLP
6442 Coldwater Canyon Avenue, Suite 209
North Hollywood, California 91606
(818) 661-2420

-4-

14.    At all times relevant, Defendants conducted business in the State of California, in the County of Los Angeles, within this judicial district.

15.    Defendants promote and market their services by calling wireless telephone users in violation of the TCPA.

16.    Defendants directly or through other persons, entities or agents acting on its behalf, conspired to, agreed to, contributed to, authorized, assisted with, and/or otherwise caused all of the wrongful acts and omissions, including the dissemination of the unsolicited calls that are the subject matter of this Complaint.

## **FACTUAL ALLEGATIONS**

17.    Matrix is the administrator of after-market extended car warranty policies sold by Mepco.

18.    Mepco is the so-called "seller" of the extended car warranty policies and engages in telemarketing in order to solicit the sales of extended car warranty plans.

19.    None of the Defendants are licensed in California by the California Department of Insurance to sell such policies.

20.    Defendants utilize prerecorded telemarketing calls (i.e., calls using an artificial or prerecorded voice) to market and advertise Defendants' business and services, including at least two calls to Plaintiff.

21.    These calls are being placed to consumers, like Plaintiff, who 1) registered their telephone numbers with the National Do Not Call Registry ("DNC"); 2) do not have an existing business relationship with the Defendants; and 3) did not provide prior express written consent to be called.

22.    The Matrix Better Business Bureau ("BBB") page is inundated with complaints from consumers about unsolicited calls from Matrix, including complaints from people who have registered their phone numbers with the DNC.  A true and correct copy of Matrix's BBB page and said complaints is attached hereto as Exhibit 1.

/ / /

DAVIDOVICH STEIN LAW GROUP LLP
6442 Coldwater Canyon Avenue, Suite 209
North Hollywood, California 91606
(818) 661-2420

*Alexander Almansky v. Sing for Service, LLC, et al.*
Case No.

**CLASS ACTION COMPLAINT**

DAVIDOVICH STEIN LAW GROUP LLP
6442 Coldwater Canyon Avenue, Suite 209
North Hollywood, California 91606
(818) 661-2420

23.    The Mepco BBB page is inundated with complaints from consumers about unsolicited calls from Mepco, including complaints from people who have registered their phone numbers with the DNC.  A true and correct copy of Mepco's BBB page and said complaints is attached hereto as Exhibit 2.

24.    Defendants contacted Plaintiff on Plaintiff's cellular telephone regarding an unsolicited service via an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1) and prohibited by 47 U.S.C. § 227(b)(1)(A).

25.    Upon information and belief, this ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

26.    Upon information and belief, this ATDS has the capacity to store numbers and to dial numbers without human intervention.

27.    Upon information and belief, Defendants used a combination of hardware and software systems which have the capacity to generate or store random or sequential numbers or to dial sequentially or randomly in an automated fashion without human intervention.

28.    Because Plaintiff was called by Defendants using a prerecorded artificial voice, and then connected to a live person after a delayed pause, it demonstrates that Defendants used an ATDS to send the subject calls.

29.    The impersonal and generic nature of the prerecorded and artificial voice that Defendants sent to Plaintiff further demonstrates that Defendants used an ATDS to send the subject calls.

30.    Plaintiff knows the calls were robotic because of the distinctive nature of the sound, pauses, and the wording of the recordings.

31.    Plaintiff registered his phone number, ending in 7501, with the DNC on or about January 1, 2000.

/ / /

32. On or about July 11, 2022, Plaintiff began receiving telephone calls from Defendant or a third-party calling on Defendant's behalf soliciting him to purchase car warranty related services.

33. These calls came from changing ten-digit numbers, which were likely "spoofed."

34. When Plaintiff answered the phone, the caller advised that he was calling from Mepco and stated that he could assist Plaintiff with extended car warranty.

35. Plaintiff advised the individual that he was not interested and requested to be put on Mepco Team's internal do-not-call list. Plaintiff then terminated the call.

36. Plaintiff did not provide prior express invitation or permission or consent for these telephone calls.

37. To the contrary, in response to the unwanted calls, Plaintiff repeatedly requested that they stop.

38. Plaintiff eventually purchased a car warranty plan from Dealer Loyalty, which listed Trinity as the Seller of said warranty.

39. Shortly after purchasing the car warranty plan, Plaintiff received a copy of the Membership Confirmation Packet, which confirmed Plaintiff's purchase of the car warranty membership plan and the payment plan terms at the cost of $3,910.00. A true and correct copy of the Membership Confirmation Packet is attached hereto as Exhibit 3.

40. The Membership Confirmation Packet confirms that the seller of the car warranty plan marketed to and purchased by Plaintiff was Mepco.

41. The Purchase Plan Agreement also confirms that the administrator of the car warranty plan marketed to and purchased by Plaintiff was Matrix.

42. The Membership Confirmation Packet further confirms that billing and payment processing of the car warranty plan marketed to and purchased by Plaintiff was Mepco.

DAVIDOVICH STEIN LAW GROUP LLP
6442 Coldwater Canyon Avenue, Suite 209
North Hollywood, California 91606
(818) 661-2420

43.    Subsequent to purchasing the car warranty plan, Plaintiff received a "Welcome Letter" by mail from "Dealer Loyalty Protection."  A true and correct copy of this letter is attached hereto as Exhibit 4.

44.    Plaintiff never consented to receiving solicitation calls from any of the Defendants.  As such, the unsolicited calls violated 47 U.S.C. § 227(b)(1).

45.    Plaintiff never provided his telephone number to Defendants.

46.    Plaintiff was not looking for an extended car warranty.

47.    The content of the calls made to Plaintiff and the Class Members show that they were for the purpose of marketing, advertising, and promoting Defendants' business and services to Plaintiff as part of an overall telemarketing strategy.

48.    These calls were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

49.    Defendants are and were aware that they are placing unsolicited robocalls to Plaintiff and other consumers without their prior express consent.

50.    The unauthorized telephone calls made by Defendants, as alleged herein, have harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use of quiet enjoyment of his phone, in addition to the wear and tear on his phone.

51.    Seeking redress for these injuries, Plaintiff, on behalf of himself and a Class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*., which prohibits unsolicited telemarketing calls to phone numbers that are registered with the DNC.

## CLASS ACTION ALLEGATIONS

52.    Plaintiff brings this class action under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of himself and of a similarly situated "Class" or "Class Members" defined in two subclasses, as follows:

/ / /

/ / /

DAVIDOVICH STEIN LAW GROUP LLP
6442 Coldwater Canyon Avenue, Suite 209
North Hollywood, California 91606
(818) 661-2420

-8-

<u>No Consent Class:</u> All persons within the United States who, within the four years prior to the filing of this Complaint, were called by Defendants or anyone on Defendants' behalf, to said person's cellular telephone number, advertising Defendants' services, without the recipients' prior express consent, using the same equipment used to call Plaintiff's cellular telephone, in violation of the TCPA.

<u>Do Not Call Registry Class:</u> All persons in the United States who from four years prior to the filing of this action (1) were called by or on behalf of Defendants; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of selling Defendants' products and/or services; and (5) for whom Defendants claim (a) it did not obtain prior express written consent, or (b) it obtained prior express written consent in the same manner as Defendants claims they supposedly obtained prior express written consent to call the Plaintiff.

53.    Excluded from the Class are Defendants, and any subsidiary or affiliate of Defendants, and the directors, officers and employees of Defendants or their subsidiaries or affiliates, and members of the federal judiciary.

54.    This action has been brought and may properly be maintained as a class action against Defendants pursuant to Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable. Plaintiff reserves the right to amend the Class definition if discovery and further investigation reveal that any Class should be expanded or otherwise modified.

55.    **Numerosity:** At this time, Plaintiff does not know the exact number of Class Members, but among other things, given the nature of the claims and that Defendants' conduct consisted of standardized SPAM campaign calls placed to cellular telephone numbers, Plaintiff believes, at a minimum, there are greater than forty (40) Class Members.  Plaintiff believes that the Class is so numerous that joinder of all members of the Class is impracticable and the disposition of their claims

DAVIDOVICH STEIN LAW GROUP LLP
6442 Coldwater Canyon Avenue, Suite 209
North Hollywood, California 91606
(818) 661-2420

-9-

in a class action rather than incremental individual actions will benefit the Parties and the Court by eliminating the possibility of inconsistent or varying adjudications of individual actions.

56.     Upon information and belief, a more precise Class size and the identities of the individual members thereof are ascertainable through Defendants' records, including, but not limited to Defendants' calls and marketing records.

57.     Members of the Class may additionally or alternatively be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notice, fax notice, first class mail, or combinations thereof, or by other methods suitable to this class and deemed necessary and/or appropriate by the Court.

58.     **Existence and Predominance of Common Questions of Fact and Law:** There is a well-defined community of common questions of fact and law affecting the Plaintiff and members of the Class. Common questions of law and/or fact exist as to all members of the Class and predominate over the questions affecting individual Class members. These common legal and/or factual questions include, but are not limited to, the following:

   a. Whether, within the four years prior to the filing of this Complaint, Defendants or their agents called (other than a message made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic dialing to any telephone number assigned to a cellular phone service;

   b. How Defendants obtained the numbers of Plaintiff and Class members;

   c. Whether Defendants called Plaintiff and Class Members using a prerecorded message or artificial voice;

   d. Whether the dialing system used to call is an Automatic Telephone Dialing System;

-10-

DAVIDOVICH STEIN LAW GROUP LLP
6442 Coldwater Canyon Avenue, Suite 209
North Hollywood, California 91606
(818) 661-2420

e.  Whether Defendants engaged in telemarketing when it called which are the subject of this lawsuit;

f.  Whether the calls made to Plaintiff and Class Members violate the TCPA and its regulations;

g.  Whether Defendants willfully or knowingly violated the TCPA or the rules prescribed under it;

h.  Whether the calls made to Plaintiff and Class Members violate the Do Not Class Registry rules and regulations;

i.  Whether Plaintiff and the members of the Class are entitled to statutory damages, treble damages, and attorney fees and costs for Defendants' acts and conduct;

j.  Whether Plaintiff and members of the Class are entitled to a permanent injunction enjoining Defendants from continuing to engage in their unlawful conduct; and

k.  Whether Plaintiff and the Class are entitled to any other relief.

59.  One or more questions or issues of law and/or fact regarding Defendants' liability are common to all Class Members and predominate over any individual issues that may exist and may serve as a basis for class certification under Rule 23(c)(4).

60.  **Typicality:** Plaintiff's claims are typical of the claims of the members of the Class. The claims of the Plaintiff and members of the Class are based on the same legal theories and arise from the same course of conduct that violates the TCPA.

61.  Plaintiff and members of the Class each received at least one telephone call, advertising the Defendants' products or services, which Defendants placed or caused to be placed to Plaintiff and the members of the Class.

62.  **Adequacy of Representation:** Plaintiff is an adequate representative of the Class because Plaintiff's interests do not conflict with the interests of the members of the Class. Plaintiff will fairly, adequately, and vigorously represent and

**CLASS ACTION COMPLAINT**

DAVIDOVICH STEIN LAW GROUP LLP
6442 Coldwater Canyon Avenue, Suite 209
North Hollywood, California 91606
(818) 661-2420

protect the interests of the members of the Class and has no interests antagonistic to the members of the Class. Plaintiff has retained counsel competent and experienced in litigation in the federal courts, TCPA litigation, and class action litigation.

63.    **Superiority:** A class action is superior to other available means for the fair and efficient adjudication of the claims of the Class. While the aggregate damages which may be awarded to the members of the Class are likely to be substantial, the damages suffered by individual members of the Class are relatively small. As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the Class to individually seek redress for the wrongs done to them. Plaintiff does not know of any other litigation concerning this controversy already commenced against Defendants by any member of the Class. The likelihood of the individual members of the Class prosecuting separate claims is remote. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the Class. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

64.    **Class-Wide Injunctive Relief and Rule 23(b)(2):** Moreover, as an alternative to or in addition to certification of the Class under Rule 23(b)(3), class certification is warranted under Rule 23(b)(2) because Defendants have acted on grounds generally applicable to Plaintiff and members of Class, thereby making appropriate final injunctive relief with respect to Plaintiff and Class Members as a whole. Plaintiff seeks injunctive relief on behalf of Class Members on grounds generally applicable to the entire Class in order to enjoin and prevent Defendants' ongoing violations of the TCPA, and to order Defendants to provide notice to them

of their rights under the TCPA to statutory damages and to be free from unwanted calls.

## FIRST CAUSE OF ACTION

**Violations of the Telephone Consumer Protection Act**

**47 U.S.C. § 227(b)**

**(On Behalf of Plaintiff and the No Consent Class)**

65.     Plaintiff incorporates by reference all of the allegations contained in all of the above paragraphs 1 through 68 of this Complaint as though fully stated herein.

66.     It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system . . . to any telephone number assigned to a . . . cellular telephone service . . ." 47 U.S.C. § 227(b)(1)(A)(iii).

67.     Automatic telephone dialing system refers to "equipment which has the capacity---(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

68.     Defendants—or third parties directed by Defendants—used equipment having the capacity to randomly or sequentially generate telephone numbers and to dial such numbers without human intervention to make non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the Class defined above.

69.     These calls were made without regard to whether or not Defendants had first obtained express permission from the called party to make such calls. In fact, Defendants did not have prior express consent to call the cellular phones of Plaintiff and the other members of the putative Class when the calls were made.

70.     Defendants have, therefore, violated Section 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system to make non-emergency telephone calls to the cellular phones of Plaintiff and the other members of the putative Class without their prior express written consent.

DAVIDOVICH STEIN LAW GROUP LLP
6442 Coldwater Canyon Avenue, Suite 209
North Hollywood, California 91606
(818) 661-2420

*Alexander Almansky v. Sing for Service, LLC, et al.*
*Case No.*

**CLASS ACTION COMPLAINT**

71.     Furthermore, it is a violation of the TCPA "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior consent of the called party, unless the call is initiated for emergency purposes. . . ." 47 U.S.C. 227(b)(1)(B).

72.     Defendants—or third parties directed by Defendants—used an artificial or prerecorded voice to deliver messages to Plaintiff and other Class Members without prior consent.

73.     These calls were made without regard to whether or not Defendants had first obtained express permission from the called party to make such calls. In fact, Defendants did not have prior express consent to call any of these cellular phones.

74.     Defendants have, therefore, violated Section 227(b)(2) of the TCPA by initiating telephone class while using an artificial or prerecorded voice to deliver non-emergency telephone calls to the cellular phones of Plaintiff and the other members of the putative Class without their prior express written consent.

75.     The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227.

76.     As a result of Defendants' negligent violations of 47 U.S.C. § 227, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

77.     At all relevant times, Defendants knew or should have known that their conduct as alleged herein violated the TCPA.

78.     Defendants knew that they did not have prior express consent to make these calls and knew or should have known that their conduct violated the TCPA.

79.     Because Defendants knew or should have known that Plaintiff and Class Members did not give prior express consent to receive autodialed calls, the Court should treble the amount of statutory damages available to Plaintiff and members of the Putative Class pursuant to Section 227(b)(3)(C).

DAVIDOVICH STEIN LAW GROUP LLP
6442 Coldwater Canyon Avenue, Suite 209
North Hollywood, California 91606
(818) 661-2420

DAVIDOVICH STEIN LAW GROUP LLP
6442 Coldwater Canyon Avenue, Suite 209
North Hollywood, California 91606
(818) 661-2420

80.     Likewise, since Defendants knew or should have known that Plaintiff and Class Members did not give prior express consent to receive calls using artificial or prerecorded voice, the Court should treble the amount of statutory damages available to Plaintiff and members of the Putative Class pursuant to Section 227(b)(3).

81.     As a result of Defendants knowing and/or willful violations of 47 U.S.C. § 227(b), Plaintiff and the Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

82.     Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

### Violations of the Telephone Consumer Protection Act
### 47 U.S.C. § 227 and 47 C.F.R. § 64.1200(c)
### (On Behalf of Plaintiff and the Do Not Call Registry Class)

83.     Plaintiff incorporates by reference all of the allegations contained in all of the above paragraphs 1 through 86 of this Complaint as though fully stated herein.

84.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

85.     47 C.F.R. § 64.1200(e), provides that Sections 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[2]

---

[2] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf.

-15-

86.    47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

87.    Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

88.    Defendants violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

89.    Defendants violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendants in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendants' conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

90.    To the extent Defendants' misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the Class, requests that

DAVIDOVICH STEIN LAW GROUP LLP
6442 Coldwater Canyon Avenue, Suite 209
North Hollywood, California 91606
(818) 661-2420

-16-

the Court enter judgment against Defendants as follows:

    a. An order certifying this case as a class action, certifying Plaintiff as representative of the Class, and designating Plaintiff's counsel as Class counsel;

    b. Statutory damages of $500 per call in violation of the TCPA;

    c. Willful damages at $1,500 per call in violation of the TCPA;

    d. Statutory damages of $500 per call in violation of the Do Not Call Registry;

    e. Willful damages of $1,500 per call in violation of the Do Not Call Registry;

    f. A declaration that Defendants' practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A)(iii);

    g. An injunction prohibiting Defendants' from using an automatic telephone dialing system to call numbers assigned to cellular telephones without the prior express written consent of the called party;

    h. Reasonable attorney's fees and costs; and

    i. Such further and other relief as this Court deems reasonable and just.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury.

DATED:  June 6, 2024        **DAVIDOVICH STEIN LAW GROUP LLP**

By: _____

NIV V.  DAVIDOVICH
CHARLIE Z. STEIN
ELAN N. STONE
SOLOMON SALEHANI
Attorneys for Plaintiff
ALEXANDER ALMANSKY and The
Proposed Class

DAVIDOVICH STEIN LAW GROUP LLP
6442 Coldwater Canyon Avenue, Suite 209
North Hollywood, California 91606
(818) 661-2420

-17-