NIV V. DAVIDOVICH, ESQ. (State Bar No. 247328)
ELAN N. STONE, ESQ. (State Bar No. 243394)
**DAVIDOVICH STONE LAW GROUP LLP**
6442 Coldwater Canyon Avenue, Suite 209
North Hollywood, California 91606
Telephone:  (818) 661-2420
Facsimile:   (818) 301-5131
E-Mail(s):   niv@davidovichlaw.com
                    elan@davidovichlaw.com

Attorneys for Plaintiff
ALEXANDER ALMANSKY and The Proposed Class

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ALEXANDER ALMANSKY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SING FOR SERVICE, LLC dba MEPCO; MATRIX WARRANTY SOLUTIONS, INC.; and ROAD AMERICA MOTOR CLUB, INC.; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.: 2:24-cv-04769-JAK-PVC<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT MATRIX; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:         February 10, 2025<br>Time:        8:30 a.m.<br>Judge:       Hon. John A. Kronstadt<br>Courtroom: 10C |

/ / /

/ / /

/ / /

**PLEASE TAKE NOTICE** that on February 10, 2025, at 8:30 a.m., or as soon thereafter as this matter may be heard in Courtroom 10C of the above-captioned Court, located at 350 W. First Street, Los Angeles, California 90012 Plaintiff Alexander Almansky ("Plaintiff"), will, and hereby does, move this Honorable court for an entry of default judgment against Defendant Matrix Warranty Solutions, Inc. ("Defendant" or "Matrix.").

This Motion is made pursuant to Fed. R. Civ. P. 55(b)(2), on ground that Matrix has failed to respond to Plaintiff's Complaint and is currently in default. Default was entered by the Clerk of this Court on September 20, 2024.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, Plaintiff's Complaint, the files and pleadings in this action, and any further evidence and argument as may be presented to the Court prior to or at the hearing on this Motion.

DATED: January 6, 2025    **DAVIDOVICH STONE LAW GROUP LLP**

By: _____
NIV V. DAVIDOVICH
ELAN N. STONE
Attorneys for Plaintiff
ALEXANDER ALMANSKY and The Proposed Class

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Alexander Almansky ("Plaintiff") through this Motion for Entry of Default Judgment ("Motion"), and pursuant to Fed. R. Civ. P. 55(b)(2), moves this Court to grant this Motion and enter judgment against Defendant Matrix Warranty Solutions, Inc.'s ("Defendant" or "Matrix") and in favor of Plaintiff, which has chosen not to defend itself in this action. Despite being personally served with Plaintiff's Summons and Complaint, Matrix has not responded to the Complaint.

## II. STATEMENT OF FACTS

Matrix is the administrator of after-market extended car warranty policies sold by Defendant Sing for Service, LLC dba Mepco. ("Mepco") (Dkt. 3, ¶ 17.) Mepco is the so-called "seller" of the extended car warranty policies and engages in telemarketing in order to solicit the sales of extended car warranty plans. (*Id.*, ¶ 18.) Defendants utilize prerecorded telemarketing calls (i.e., calls using an artificial or prerecorded voice) to market and advertise Defendants' business and services, including at least two calls to Plaintiff. (*Id.*, ¶ 20.)

Defendants contacted Plaintiff on Plaintiff's cellular telephone regarding an unsolicited service via an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1) and prohibited by 47 U.S.C. § 227(b)(1)(A). (Dkt. 3, ¶ 24.) Plaintiff registered his phone number, ending in 7501, with the DNC on or about January 1, 2000. (*Id.*, ¶ 31.) On or about July 11, 2022, Plaintiff began receiving telephone calls from Defendant or a third-party calling on Defendant's behalf soliciting him to purchase car warranty related services. (*Id.*, ¶ 32.) When Plaintiff answered the phone, the caller advised that he was calling from Mepco and stated that he could assist Plaintiff with extended car warranty. (*Id.*, ¶ 34.)

Plaintiff advised the individual that he was not interested and requested to be put on Mepco's Team's internal do-not-call list. (Dkt. 3, ¶ 35.) Plaintiff then terminated the call. (*Id.*) Plaintiff did not provide prior express invitation or

permission or consent for these telephone calls. (*Id.*, ¶ 36.) To the contrary, in response to the unwanted calls, Plaintiff repeatedly requested that they stop. (*Id.*, ¶ 37.)

Plaintiff's instant action was filed on June 6, 2024. (Dkt. 3.) Matrix was served with Plaintiff's Complaint and Summons on July 9, 2024. (Dkt. 29.) Despite being properly served, Matrix has never appeared in this action. Default was entered against Matrix by the Clerk of the Court on September 20, 2024. (Dkt. 33.)

## III. LEGAL STANDARD

The Court has authority pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure to enter default judgment in this matter where Defendant has been defaulted and make a determination relative to the damages to be awarded. (*Forteza v. Mills,* 534 F2d 415, 419 (1st Cir. 1976).) Upon entry of default, the factual allegations of the complaint, save for those concerning damages, are deemed to have been admitted by the defaulting party. (*Geddes v. United Fin. Grp.,* 559 F.2d 557, 560 (9th Cir. 1977); Fed. R. Civ. P. 8(b)(6).) A court has discretion to grant or deny a motion for default judgment. (*Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980).)

The Ninth Circuit has set forth seven factors to be considered by courts in reviewing a motion for default judgment: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits. (*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).)

/ / /

/ / /

/ / /

## IV. LEGAL ARGUMENT

As to the first *Eitel* factor, Plaintiff is prejudiced if default judgment is not entered in a case where Matrix refuses to defend itself. Without Matrix participating in the ligation, Plaintiff has no recourse to obtain a judgment for the amount it is owed other than by default judgment. (*See Landstar Ranger, Inc. v. Parth Enters. Inc.*, 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010) (prejudice is shown if denying default judgment would leave plaintiff without a remedy).

The second *Eitel* factor addresses the likelihood of success on the merits. The complaint must state a claim upon which a party may recover. (*PepsiCo., Inc. v. Cal Sec. Cans,* 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002).) In considering the sufficiency of the complaint and the merits of the plaintiff's substantive claims, facts alleged in the complaint not relating to damages are deemed to be true upon default." (*Bd. Of Trustees of Sheet Metal Workers v. Moak,* No. C 11-4620 CW, 2012 WL 5379565, at 2 (N.D. Cal. Oct. 31, 2012).)

As pled in the First Cause of Action for Violations of the Telephone Consumer Protection Act 47 U.S.C. § 227(b), it is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system . . . to any telephone number assigned to a . . . cellular telephone service . . . ." 47 U.S.C. § 227(b)(1)(A)(iii). (Dkt. 3, ¶ 67.) The complaint further provides that Defendants have, therefore, violated Section 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system to make non-emergency telephone calls to the cellular phones of Plaintiff and the other members of the putative Class without their prior express written consent. (Dkt. 3, ¶ 70.)

Further, the Second Cause of Action for Violations of the Telephone Consumer Protection Act 47 U.S.C. § 227 and 47 C.F.R. § 64.1200(c) provides that the TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone

DAVIDOVICH STEIN LAW GROUP LLP
6442 Coldwater Canyon Avenue, Suite 209
North Hollywood, California 91606
(818) 661-2420

subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government." (Dkt. 3, ¶ 70.) Additionally, Defendants violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendants in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendants' conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200. (Dkt. 3, ¶ 89.)

In this case, the Complaint provides that Plaintiff registered his phone number, ending in 7501, with the DNC on or about January 1, 2000. (Dkt. 3, ¶ 31.) Additionally, the complaint provides that on or about July 11, 2022, Plaintiff began receiving telephone calls from Defendant or a third-party calling on Defendant's behalf soliciting him to purchase car warranty related services. (Dkt. 3, ¶ 32.) Based on the pleadings, this Court should find that Plaintiff is likely to succeed on the merits.

Under the <u>Fourth *Eitel* factor</u>, the court is to consider the amount of money at stake in relation to the seriousness of Defendant's conduct. (*PepsiCo, supra,* 238 F.Supp.2d at 1176.) Here, the TCPA itself sets statutory damages of $500 per call, which can be trebled up to $1,500 for each knowing or willful violation. These statutory damages are presumptively reasonable. The damage award here could be substantial. While Plaintiff cannot yet provide an exact total damage value for the Court, so long as the basis for the statutory damages presented to the Court is reasonable, this element is satisfied. Large damage awards will not deter a court from approving default judgment when that award is warranted by a defendant's wrongdoings. (*Philip Morris USA, Inc. v. Castworld Prods*., Inc., 219 F.R.D. 494 (C.D. Cal. 2003).)

-6-

PLAINTIFF'S MOTION FOR
ENTRY OF DEFAULT JUDGMENT

At this time, the damages sought are not yet known, and as such, Plaintiff requests the opportunity to separate this issue out in order to present it to the Court. Plaintiff believes it can ascertain the number of class members by conducting some simple post-judgment discovery of Defendant's outbound dial list showing all of the calls placed during the class period. This information can then be compared to a commercially available list of know. The number of calls to each cell phone number on the list will determine the amount of damages to each Class Member. This approach to ascertaining damages will arrive at a number that is commensurate with the harm caused by Defendant. In light of Defendant's flagrant violations of the TCPA, providing Plaintiff and Class Members with statutory damages for knowing and willful violations is just.

As to the fifth *Eitel* factor, courts hold there are no outstanding issues of material fact when a defendant fails to appear for its lawsuit. Particularly when the complaint is pled sufficiently, "no genuine dispute of material facts would preclude granting [Plaintiff's] motion." (*Pepsico, supra,* 238 F. Supp. 2d at 1177.) In this case, Plaintiff has filed his Complain allegation violations of the TCPA, as well as appropriate class allegations. Defendant has failed to appear such that the allegations are contested.

The Seventh *Eitel* factor supports a default judgment, as well. According to *Eital*, cases should be decided upon their merits whenever reasonably possible it is not a requirement. (*Eitel, supra,* 782 F.2d at 1472.) At this time, Plaintiff's most reasonable choice at this time is to pursue a default judgment, as his best chance of recourse. This court should find that a decision upon the merits is not required at this time, as Matrix has failed to appear, contest, and/or litigate this matter necessitating this Motion.

/ / /

/ / /

/ / /

## V. **CONCLUSION**

Plaintiff requests that this Court approve his motion for default judgment for damages at the rate of $1,500 per call, with the understanding that this judgment will be supplemented with the amount of damages at a later date once the number of calls has been ascertained.

DATED: January 6, 2025        **DAVIDOVICH STONE LAW GROUP LLP**

By: _____
NIV V. DAVIDOVICH
ELAN N. STONE
Attorneys for Plaintiff
ALEXANDER ALMANSKY and The Proposed Class

# PROOF OF SERVICE

<u>ALEXANDER ALMANSKY v. SING FOR SERVICE, LLC, et al.</u>
<u>Case No. 2:24-cv-04769-JAK-PVC</u>

**STATE OF CALIFORNIA** )
) ss.
**COUNTY OF LOS ANGELES** )

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) and not a party to the within action; my business address is 6442 Coldwater Canyon Avenue, Suite 209 – North Hollywood, California 91606.

On January 6, 2025, I served, in the manner indicated below, the foregoing document described as

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT MATRIX; MEMORANDUM OF POINTS AND AUTHORITIES**

on the interested parties in this action as follows:

**PLEASE SEE ATTACHED SERVICE LIST**

| | |
|---|---|
| ☒ | **VIA PERSONAL SERVICE:** I caused such envelope(s) to be delivered **by hand** to the above address(es) listed on this page or the attached service list. |
| ☒ | **VIA UNITED STATES POSTAL SERVICE:** By placing a copy thereof for delivery in a separate envelope addressed to each addressee, respectively as follows:<br>☐  VIA FIRST-CLASS MAIL (*Code of Civil Procedure* §§1013 and 1013(a))<br>☒  VIA EXPRESS MAIL OR OTHER OVERNIGHT DELIVERY SERVICE (*Code of Civil Procedure* §§1013(c) and (d))<br>☐  VIA CERTIFIED MAIL (*Code of Civil Procedure* §§1013 and 1013(a)) |
| ☐ | **VIA FACSIMILE TRANSMISSION:** (*Code of Civil Procedure* §§1013(e) and (f)): from facsimile number: 818.301.5131 to the facsimile number(s) listed on the attached service list. The facsimile machine I used complied with *California Rules of Court*, Rule 2.306 and no error was reported by the machine. |
| ☐ | **COURTESY COPY VIA ELECTRONIC MAIL:** I caused the Document(s) to be sent to the person(s) at the e-mail address(es) listed on the attached service list. I did not receive, within a reasonable time after transmission, any electronic message or other indication that the transmission was unsuccessful. My electronic service address is: Yelena@DavidovichLaw.com. |
| ☐ | **VIA ELECTRONIC TRANSMISSION:** Complying with an agreement with all parties, I caused the Document(s) to be sent to the person(s) at the e-mail address(es) listed on the attached service list. I did not receive, within a reasonable time after transmission, any electronic message or other indication that the transmission was unsuccessful. My |

DAVIDOVICH STEIN LAW GROUP LLP
6442 Coldwater Canyon Avenue, Suite 209
North Hollywood, California 91606
(818) 661-2420

PLAINTIFF'S MOTION FOR
ENTRY OF DEFAULT JUDGMENT

| | |
|---|---|
| | electronic service address is: Yelena@DavidovichLaw.com. A copy of the sent e-mail will be maintained with the original document(s) in our office. (*Code of Civil Procedure* §1010.6 and *California Rules of Court*, Rule 2.251.) |
| ☐ | **VIA ELECTRONIC FILING SERVICE:** Complying with *Code of Civil Procedure* §1010.6, my electronic business address is: Yelena@DavidovichLaw.com and I caused such document(s) to be electronically served through the *Janney & Janney* system for the above-entitled case to those parties on the attached Service List maintained on its website for this case. The file transmission was reported as complete, and a copy of the Filing/Service Receipt will be maintained with the original document(s) in our office. |
| ☐ | **VIA SHAREFILE:** Complying with *Code of Civil Procedure* §1010.6(a)(1)(c), I caused an electronic notice to be sent to the person(s) at the e-mail address(es) listed on the attached Service List. This notice contained a secure link that permits the person(s) individual access to download the above-listed document(s). Notification is provided via counsel's secure ShareFile system's administrative e-mail account, __. A copy of the sent e-mail will be maintained with the document(s) in our office. (*Code of Civil Procedure* §1010.6 and *California Rules of Court*, Rule 2.251.) I did not receive, within a reasonable time after transmission, any electronic message or other indication that the transmission was unsuccessful. This link will expire after 60 days, and access will no longer be permitted to the document(s). Pursuant to *Code of Civil Procedure* §1010.6(a)(2), the party(ies) have agreed to receive electronic service via this method. |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 6, 2025, in North Hollywood, California.

_____
YELENA VASINA

-10-

**PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT**

**PROOF OF SERVICE – SERVICE LIST**

<u>ALEXANDER ALMANSKY v. SING FOR SERVICE, LLC, et al.</u>
<u>Case No. 2:24-cv-04769-JAK-PVC</u>

Matrix Warranty Solutions, Inc.    *Defendant*
2248 Central Dr., Ste. 107-289
Bedford, TX, 7602

DAVIDOVICH STEIN LAW GROUP LLP
6442 Coldwater Canyon Avenue, Suite 209
North Hollywood, California 91606
(818) 661-2420